OPINION
Cynthia L. Marshall appeals from the final decree of divorce terminating her marriage to Richard L. Marshall. The contested issue involves the court's award of a parcel of jointly-owned real estate to Richard[1] as his separate property.
Richard and Cynthia were married on February 14, 1988. On September 26th of that year, Richard's parents executed a general warranty deed that conveyed approximately 22.5 acres of land to Richard and Cynthia "for their joint lives, remainder to the survivor of them." While Richard and Cynthia had contemplated building a home on this land, their plan never came to fruition and the land was rented for farming.
Cynthia filed a complaint for divorce on August 2, 1999. Richard filed an answer and counterclaim on September 10, 1999. The trial court entered a decree of divorce on April 6, 2000, but it reserved judgment on the disposition of the 22.5 acre parcel.
The matter was heard before a magistrate. Martha V. Marshall, Richard's mother, testified that it was her intention when she transferred the property to benefit Richard only. Richard's father, Walter, the other grantor, was by then deceased. The magistrate found that Richard failed to establish that the property was intended as a gift only to him and ordered equal division of the parcel of land between Richard and Cynthia.
Richard filed objections to the magistrate's decision. The trial court heard evidence. Martha again testified that it was her intention to give the land as a gift to Richard alone. The trial court reversed the decision of the magistrate, finding that the property is Richard's separate property, and therefore not subject to equitable division with Cynthia as marital property.
Cynthia filed timely notice of appeal. She presents one assignment of error.
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE REAL ESTATE OF THE PARTIES WAS THE SEPARATE PROPERTY OF THE APPELLEE, AS APPELLEE FAILED TO ESTABLISH THIS FACT BY CLEAR AND CONVINCING EVIDENCE
A trial court is required to determine what property is marital and what property is separate, and to disburse the parties' separate property to each of them and divide and distribute their marital property between them equitably. R.C. 3105.171 (B), (D). An equal division of marital property is presumed to be equitable. R.C. 3105.171(C)(1).
Per R.C. 3105.171(A)(3)(a)(i), marital property includes all real and or personal property that was acquired by either or both of the spouses during the marriage. A gift received by a married person or a married couple during the marriage is presumed to be marital property. Barkley v. Barkley (1997), 119 Ohio App.3d 155. However, per R.C.3105.171(A)(3)(b), marital property does not include any "separate property." Separate property is defined by division (A)(6)(a)(vii) to include, inter alia: "[a]ny gift of real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
A trial court has broad discretion in making divisions of property in domestic cases, and the trial court's decision will be upheld absent an abuse of discretion. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397. Thus, we may not reverse unless we find that the trial court acted arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. However, trial court decisions are unreasonable if there is no sound reasoning process that would support that decision. AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157; Canfarelli v. Canfarelli (July 14, 2000), Montgomery App. No. 18145, unreported.
The gift exception in division (A)(6)(a)(vii) requires proof that not only did the donor intend to benefit one of the spouses, but that the donor also intended to exclude the other spouse from acquiring any interest in the property through the gift that was made. The clear and convincing evidence standard required for that proposition is evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is more than a mere "preponderance of the evidence," it does not rise to the level of evidence required for proof "beyond a reasonable doubt" in criminal cases. Id.
The essential elements of a gift are: 1) intent of the donor to make an immediate gift, 2) delivery of the property to the donee, and 3) acceptance of the gift by the donee. Bolles v. Toledo Trust Co. (1936),132 Ohio St. 21. Only the first of those elements is in issue here. Cynthia argues that Richard failed to demonstrate by clear and convincing evidence that the donors intended to exclude her from acquiring any interest in the gift they made.
The focus of the gift exception is on the elements of a gift, as they apply to both of the parties or to but one of them. The clear and convincing standard imposed by R.C. 3105.171(A)(6)(a)(vii) imposes a burden of proof. Reasonably, that burden requires, in addition to the donor's testimony concerning her intent, evidence of some objective manifestation of that particular intent contemporaneous with the making of the gift.
Division (H) of R.C. 3105.171 states that "the holding of title to property . . . by both spouses in the form of co-ownership does not determine whether the property is marital property or separate property." The operation of this section nullifies the conclusive effect on the issue of ownership which a joint and survivorship deed otherwise has, and we have so held. Schell v. Schell (June 16, 1992), Clark App. No. 2876, unreported. However, this nullification merely proscribes the conclusive effect of the deed instrument; a court may yet consider the deed as evidence on the issue of donative intent. McFarland v. McFarland (Sept. 19, 1994), Richland App. No. 94-CA-12, unreported.
In addition, while division (H) neutralizes the conclusive presumption that the deed must operate exactly as it reads, its terms do not create a contrary inference that the donor intended to exclude one of the spouses from acquiring any legal right or interest in the property concerned. Positive evidence of a clear and convincing nature is yet required to prove that proposition.
While the cases in Ohio vary widely in interpretation of the amount and quality of evidence needed to meet the "clear and convincing" standard, we conclude that Martha's testimony, without more, fails to satisfy that burden.
In cases where we have found that property given by deed instrument to both spouses was the separate property of one spouse, we have been able to point to a plausible explanation for the discrepancy between the donor's intent as it was currently stated and the intent which the deed instrument demonstrates. For example, in Schell, supra, a case that is factually similar to the case at bar, we accepted the donor's explanation that both party's names were placed on the deed because the couple wanted to use the land as collateral to borrow money to build a home. In West v. West (March 26, 1993), Miami App. No. 9247, unreported, we accepted the donor's explanation that a $20,000 gift made by wife's mother was made on the condition that wife's name be placed on the note, and that placing both parties' names on the note was an effort to avoid gift taxes.
Here, Martha offered no such explanation for placing Cynthia's name on the deed. When questioned why the deed was not simply made out to Richard only, Martha answered, "I don't know." Martha testified that she did not know that Cynthia's name was on the deed, and that it was not her intention to give the land to Richard and Cynthia jointly. However, there is evidence that the deed was prepared by the donors' attorney according to their wishes, that Martha and her husband were both educated people, and that she had a chance to examine the deed before she signed it.
The other evidence offered by Richard was equivocal. Martha testified that she kept the rent from farming the land and paid taxes from the rent income. That does not demonstrate that she gave the land to Richard but not to Cynthia. Evidence of a contemporaneous gift in a will to Richard's sister, offered to prove that Walter and Martha were attempting to evenly distribute assets to their two children, begs the question: If they were trying to benefit their children equally, why put the deed in both Richard and Cynthia's names? Martha's testimony does not answer this question.
Absent some positive evidence contemporaneous with their making of the gift that Walter and Martha intended to exclude Cynthia from benefitting in the gift of the property, we find that the trial court acted unreasonably when it found that the property was Richard's separate property. The trial court's finding constitutes an abuse of the more limited discretion afforded by the statute's "clear and convincing" standard.
 Conclusion
The judgment of the trial court will be reversed, and the cause remanded on our mandate to enter an order finding that the property at issue is marital property, and to disburse and distribute it between the parties pursuant to R.C. 3105.171.
BROGAN, J. and FAIN, J., concur.
[1] For clarity and economy, the parties will be identified by their first names.